# United States Court of Appeals for the Fifth Circuit

---

No. 25-10821
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSEPH SOWE,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-357-1

---

Before DAVIS, JONES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Joseph Sowe pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and he was sentenced to 21 months of imprisonment. On appeal, he argues that this court's precedent misinterprets § 922(g) because the statute requires more than merely past interstate travel at an indeterminate time and that, as interpreted by this

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10821

court, the statute exceeds Congress's authority under the Commerce Clause. He also argues that the statute is unconstitutional on its face in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He concedes his arguments are foreclosed but nevertheless raises the arguments to preserved them for further review. The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time in which to file a brief.

As he concedes, Sowe's Commerce Clause challenge is foreclosed. *See United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). The parties are also correct that Sowe's facial challenge to § 922(g)(1) is foreclosed. *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). Because summary affirmance is appropriate here, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.